## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **NELSON JOSUE MARTINEZ-CRUZ** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil No. 2:26-cv-03798-JLS |
| | : | |
| **J.L. JAMISON**, *et al.*, | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 9th day of June, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 7), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1.    Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.    The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order within five days of the entry of this order.

3.    If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4.    The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

BY THE COURT:

*/s/ Jeffery L. Schmehl*
**JEFFREY L. SCHMEHL, J.**

---

[1]    Petitioner alleges that he is being unlawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) since that provision does not apply to individuals who have previously entered and are now residing within the United States. The Government does not dispute that this provision forms the basis for Petitioner's current confinement. Consistent with my prior decisions recognizing that § 1225(b)(2)(A) is inapplicable to individuals who have established roots in the Nation's interior, the Court concludes that Petitioner's detention is unlawful.